# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ELIZABETH MORAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-01295-DGK-SSA |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Elizabeth Morand ("Morand") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Morand applied for Social Security disability insurance benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1385. The Administrative Law Judge ("ALJ") found that Morand was not disabled under the Act, and had an RFC that allowed her to perform past relevant work.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Morand filed her application on March 6, 2014 alleging a disability onset date of April 1, 2012. She later amended her alleged onset date to March 6, 2014. The Commissioner denied the application at the initial claim level, and Morand appealed the denial to an ALJ. The ALJ held a hearing on October 26, 2015. On December 4, 2015, the ALJ issued a decision finding Morand

could perform work as a price marker, routing clerk, or hand packager. The Appeals Council denied Morand's request for review on October 27, 2016. Morand has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

**Standard of Review**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

**Discussion**

Morand argues that the ALJ erred in determining her residual functional capacity ("RFC") at step four because he 1) improperly weighed the medical opinions in the record, 2) failed to consider Morand's moderate limitations in concentration, persistence, or pace, and 3) failed to support the RFC with proper medical evidence. After reviewing the record and the applicable law, the Court finds these arguments are without merit.

**I. Substantial evidence supports the ALJ's weighing of the medical opinions.**

Morand argues that the ALJ erred in formulating the RFC because he gave substantial weight to a non-examining state-agency physician and little weight to her treating examiners. In weighing a medical opinion, the ALJ should consider the length, frequency, nature, and extent of the treatment relationship, supportability, consistency with the record as a whole, specialization of the treating source, and other factors supporting or contradicting the opinion. 20 C.F.R. § 404.1527(c). An ALJ must give controlling weight to a treating medical source opinion if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence. *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015). The opinion may be given "limited weight if it provides conclusory statements only, or is inconsistent with the record." *Id.* (citation omitted). The ALJ "may discount or even disregard the opinion . . . where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id.* (citation omitted). The mere fact that a physician is a treating physician is not good enough to overcome the better-supported opinion of a reviewing physician. *See Ponder v. Colvin*, 770 F.3d 1190, 1195 (8th Cir. 2014).

Here, the ALJ gave little weight to Morand's treating neurologist, Ravinder Arora, M.D. The ALJ found that Dr. Arora's opinion was not supported by his own "minimal treatment notes." R. at 18, 349-53, 518-19. The ALJ cited Dr. Arora's unremarkable objective findings that Morand showed no cognitive, motor, sensory, coordination, or reflex deficits. R. at 16, 518-19. The ALJ also noted that Dr. Arora gave opinions outside his neurological specialty. *Owen v. Astrue*, 551 F.3d 792, 800 (8th Cir. 2008) (explaining one factor in evaluating medical opinions is "whether the opinion is related to the source's area of specialty"). Substantial evidence supports the ALJ's conclusion to give little weight to Dr. Arora's opinion. *See Ponder*, 770 F.3d at 1195.

The ALJ also gave little weight to the opinion of Morand's treating psychiatrist, Pappa U. Ehimare, M.D. Dr. Ehimare opined that Morand experiences symptoms of mental illness that would result in poor or no ability to perform almost all work-related activity. The ALJ explained that Dr. Ehimare's opinion is inconsistent with Morand's medical records and his own treatment notes, which showed mostly normal results and only mild findings on mood, affect, insight, and judgment. R. 18, 439-40, 691-96; *see Papesh*, 786 F.3d at 1132. The ALJ also explained that Dr. Ehimare's opinion is inconsistent with most other medical opinions in the record, which largely produced normal results. R. at 16, 357, 360, 375, 387, 392, 402-03, 409, 415-16, 422, 449; *see Papesh*, 786 F.3d at 1132 (noting the ALJ may "discount or even disregard the opinion . . . where other medical assessments are supported by better or more thorough medical evidence"). Substantial evidence supports the ALJ's decision to give less weight to Dr. Ehimare's opinion.

Morand also claims that the ALJ erred by giving substantial weight to Laura Brenner, PhD, a psychologist. Dr. Brenner evaluated Morand and described her as polite, cooperative,

4

and responsive to social conversation. R. at 17, 324. She described Morand's speech as logical and relevant, and noted her memory was intact and her judgment not obviously impaired. The ALJ found Dr. Brenner's opinion to be consistent with her own treatment notes, as well as other medical evidence in the record. R. at 18. Substantial evidence supports the ALJ's decision to give considerable weight to Dr. Brenner's opinion.

Morand believes the ALJ erred by relying on the opinion of Dr. Stanley Hutson, Ph.D., the state agency psychologist. The ALJ should consider Dr. Hutson's expertise in Social Security disability regulations. *See* 20 C.F.R. § 404.1527(c). Dr. Hutson reviewed the record and opined that Morand has "mild" restriction of activities of daily living, moderate difficulties in social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation of extended duration. R. at 18, 95. He also opined that Morand could understand and remember instructions, carry out simple tasks, maintain adequate attendance, and sustain an ordinary routine without special supervision. R. at 18, 99-100. The ALJ noted that Dr. Hutson's opinion is generally consistent with the medical course of Morand's impairments and the record as a whole. Substantial evidence supports the ALJ's decision to give Dr. Hutson's opinion substantial weight.

Therefore, substantial evidence supports the ALJ's weighing of the medical opinions in the record.

## II. The ALJ's RFC properly accounted for Morand's moderate difficulties in concentration, persistence, or pace.

Morand believes that the ALJ's RFC did not properly account for her moderate difficulties in concentration, persistence, or pace. The Eighth Circuit has held that a limitation to "simple routine repetitive work" sufficiently accounts for deficiencies in persistence,

concentration, or pace. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 1997); *Tyman v. Colvin*, No. 12-cv-01022-REL, 2014 WL 467517, at *13 (W.D. Mo. Feb. 6, 2014).

Here, at step three, the ALJ found that Morand has "moderate difficulties" with regard to concentration, persistence, or pace. R. at 14. The ALJ cited Morand's reports that she is able to drive, help her children with homework, and that she can pay attention as long as she needs to. R. at 14. The RFC limited Morand to "simple routine tasks" and "simple work-related decisions" as defined in 20 C.F.R. § 416.967(b). R. at 15. The Eighth Circuit has explicitly held that a limitation to simple tasks—as the ALJ did here—sufficiently accounts for deficiencies in persistence, concentration, or pace. *See Howard*, 255 F.3d at 582. Therefore, the ALJ's RFC properly accounted for Morand's moderate difficulties in concentration, persistence, or pace.

### III. The ALJ's RFC is supported by proper evidence.

Morand argues that an RFC is not supported by at least some medical evidence if the ALJ gives little weight to the treating and examining physician opinions in the record. To the contrary, Morand's allegation that the RFC must be supported by a medical opinion is an "incomplete statement of the relevant RFC inquiry established by a host of [the Eighth Circuit's] prior Social Security disability cases." *Lockwood v. Colvin*, 627 Fed. App'x 575, 577 (8th Cir. 2015). "In evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively . . . . Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Id.* (internal citation omitted).

Here, substantial evidence supports the ALJ's RFC determination. The ALJ relied on medical evidence—including the opinions of Drs. Hutson and Brenner—in formulating the RFC.

6

R. at 17-18. The ALJ cited medical records suggesting that Morand's subjective complaints were inconsistent with the objective medical evidence. R. at 16. The medical opinions and the ample medical evidence in the record, much of which the ALJ cited, is substantial evidence that supports the ALJ's RFC determination. R. at 17-18.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   March 15, 2018             /s/ Greg Kays
                                                                           GREG KAYS, CHIEF JUDGE
                                                                           UNITED STATES DISTRICT COURT